IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 07-27-GMS |
| | ) | |
| EULALIA AMPARO-PADILLA | ) | |
| aka Juana SANTOS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Shannon T. Hanson, Assistant United States Attorney, and Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Eulalia Amparo-Padilla, aka Juana Santos, by and through her attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1.  The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges her with illegal re-entry after deportation, in violation of 8 U.S.C. §1326(a).

2.  The defendant understands that the Government will seek to establish at sentencing that, prior to her removal, she had been convicted of an aggravated felony, pursuant to 8 U.S.C. §1326(b)(2), in which case, the maximum sentence for this offense would be a term of imprisonment of twenty (20) years, a fine of $250,000, or both, three years of supervised release, and a $100 special assessment.

3. The defendant understands that if there were a trial, the Government would have to prove, with respect to the charge in the Indictment, Re-Entry After Deportation, that: (1) the defendant is an alien; (2) on or about January 6, 1998, the defendant was deported and removed from the United States; (3) on or about February 20, 2007, the defendant was found in the United States; (4) the defendant was knowingly present in the United States; and (5) neither the Attorney General, nor the Undersecretary for Border and Transportation Security of the Department of Homeland Security had expressly consented to the defendant's re-application for admission.

4. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, the Government will not oppose a three-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility. The United States makes this recommendation because the defendant timely has notified authorities of her intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

5. The defendant understands that the Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. The defendant further understands that the government will recommend that the Court impose a sentence consistent with the applicable sentencing range

set forth by the Sentencing Guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which is within, or which exceeds or falls below the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of her attorney or the United States, the defendant will not be allowed to withdraw her guilty plea.

6. The defendant agrees to pay the $100 special assessment on the day of sentencing. Should she fail to do so, the defendant agrees voluntarily to enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case. ~~The defendant knows that she has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing including but not limited to, an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255~~ — except that the defendant reserves her right to pursue claims that (1) defendant's sentence exceeded the statutory maximum, (2) the sentencing

*EA 6/13/007*
*EK 6-13-07*
*STH 6-13-07*

~~judge erroneously departed upwards from the guidelines range, or (3) her counsel provided ineffective assistance.~~

8. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____   BY: _____
Eleni Kousoulis                        Shannon T. Hanson
Attorney for Defendant                 Assistant United States Attorney

_____
Eulalia Amparo-Padilla
Defendant

Dated: 6-13-07

**AND NOW**, this 13th day of June, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) ~~(rejected)~~ by this Court.

_____
Honorable Gregory M. Sleet
United States District Judge

4

FILED
JUN 13 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE